UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEMARIUS BARGINERE,

        Petitioner,                  Case Number: 2:16-cv-10448
                                                      Honorable George Caram Steeh

v.

SHERMAN CAMPBELL,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

Michigan state prisoner Demarius Barginere filed a habeas petition under 28 U.S.C. § 2254. Petitioner, who is presently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, challenges his convictions two counts of first-degree premeditated murder, MICH. COMP. LAWS § 750.316(1)(a); two counts of assault with intent to commit murder, MICH. COMP. LAWS § 750.83, and felony firearm, MICH. COMP. LAWS § 750.227b. Petitioner seeks habeas relief on the ground that insufficient evidence supported his convictions. For the reasons explained below, the Court denies the petition. The Court also denies a certificate of appealability.

### I. Background

Petitioner's convictions arise from a shooting on August 9, 2013. On that date, Petitioner's ex-girlfriend, Tashana Kalka, drove Marcus Andrews' car past Petitioner's house a couple of times. Four people were in the car: Andrews, Kalka, Courtney Smith,

and Brionna Long.  The second time Kalka drove past Andrews' house, someone threw a brick at the vehicle.  Andrews took over driving the car.  Andrews parked the car around the corner from Petitioner's home.  He exited the car and ran toward Andrews home.  Petitioner, Curado Nelson-Johnson, Andrea Trammel, and a man known as "Q" were standing beside Petitioner's Mercury Mountaineer.  Andrews fired a gun in their direction, then returned to the car and drove away toward the Southfield service drive.

Petitioner drove his Mountaineer, with passengers Nelson-Johnson, Q, and Trammel, to Terry Dawson's apartment.  Nelson-Johnson and Q exited the vehicle and called to Dawson's second-floor window.  Nelson-Johnson yelled for Dawson to "drop down a forty." 5/7/13 Tr. at 150.  Dawson dropped a gun to the waiting men.  The men returned to Petitioner's vehicle.  Petitioner drove to the Southfield service drive, where he quickly caught up with Andrews' vehicle.  Petitioner pulled alongside Andrews' vehicle and slowed down.  Nelson-Johnson fired into the vehicle.

Kalka suffered five gunshot wounds.  Andrews was struck three times.  Both died at the scene.  A bullet grazed Lang's face.  Smith suffered no gunshot wounds.

Petitioner was tried jointly with co-defendant Terry James Dawson before a single jury in Wayne County Circuit Court.  He was convicted of two counts of first-degree premeditated murder, two counts of assault with intent to commit great bodily harm less than murder, and felony firearm.  On June 5, 2013, the trial court sentenced Petitioner to life imprisonment without possibility of parole for the murder convictions, 18 to 30 years for each of the assault with intent to commit great bodily harm convictions, and two years

for the felony-firearm convictions.

Petitioner filed an appeal of right in the Michigan Court of Appeals claiming that insufficient evidence existed to support his convictions because no evidence presented at trial showed that he knew Nelson-Johnson planned to shoot at Andrews' group and because Petitioner lacked the intent to aid and abet in the shooting. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Barginere*, No. 316788, 2014 WL 5408991 (Mich. Ct. App. Oct. 23, 2014).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court raising the same sufficiency of the evidence claim raised in the court of appeals. The Michigan Supreme Court denied leave to appeal. *People v. Barginere*, 497 Mich. 1013 (Apr. 28, 2015).

Petitioner then filed the pending habeas corpus petition.[1] He raises this claim:

> Verdicts of guilty based upon insufficient evidence constituted a denial of Due Process.

## II. Standard

Upon the filing of a habeas corpus petition, the court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section

---

[1] Respondent argues that the petition should be dismissed or held in abeyance because Petitioner failed to sign the petition as required by 28 U.S.C. § 2242, and Rule 2(c)(5), Rules Governing Section 2254 Cases in the United States District Courts. Petitioner corrected this deficiency by filing a signed petition on October 18, 2016. *See* ECF No. 8). Respondent's request to dismiss or stay the petition is moot.

2254 cases. If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The habeas petition does not present grounds which may establish the violation of a federal constitutional right. The petition will be dismissed.

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). To obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

4

## III. Discussion

In his sole claim for habeas corpus relief, Petitioner argues that insufficient evidence supports his convictions. Specifically, he claims that the prosecutor presented no evidence to support a finding that Petitioner knew that Nelson-Johnson intended to shoot into Andrews' vehicle. Petitioner acknowledges that he drove Nelson-Johnson to Dawson's house to retrieve a gun, but Petitioner claims he did so believing that Nelson-Johnson intended only to use it for his own protection. Petitioner further claims that he did not attempt to locate Andrews' car after Nelson-Johnson retrieved a gun. The encounter on the Southfield service drive, according to Petitioner, was a chance occurrence. Petitioner claims he was surprised when Nelson-Johnson fired into Andrews' vehicle.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). On direct review, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n.16).

5

"Two layers of deference apply to habeas claims challenging evidentiary sufficiency." *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010) (citing *Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009)). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205 (citing *Jackson,* 443 U.S. at 319). Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id.* In short, "deference should be given to the trier-of-fact's verdict, as contemplated by *Jackson*; [then] deference should be given to the [state court's] consideration of the trier-of-fact's verdict, as dictated by AEDPA." *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008) (citation omitted). The *Jackson* standard is "exceedingly general" and therefore Michigan courts are afforded "considerable leeway" in its application. *Davis v. Lafler*, 658 F.3d 525, 535 (6th Cir. 2011).

Under Michigan law, to convict a defendant of first-degree murder, the prosecution must prove that the defendant intentionally killed the victim and that the killing was premeditated and deliberate. *People v. Anderson*, 531 N.W.2d 780, 786 (Mich. Ct. App. 1995). Premeditation and deliberation may be established by evidence showing: "(1) the prior relationship of the parties; (2) the defendant's actions before the killing; (3) the circumstances of the killing itself; and (4) the defendant's conduct after the

homicide." *People v. Schollaert*, 194 Mich. App. 158, 170 (1992). Direct or circumstantial evidence and reasonable inferences arising from that evidence may constitute satisfactory proof of the elements of an offense, *People v. Jolly*, 442 Mich. 458, 466 (1993), including the identity of the perpetrator, *Dell v. Straub*, 194 F. Supp. 2d 629, 647 (E.D. Mich. 2002), and the defendant's intent or state of mind. *People v. Dumas*, 454 Mich. 390, 398 (1997). The elements for assault with intent to murder in Michigan are "(1) an assault, (2) with an actual intent to kill, [and] (3) which, if successful, would make the killing murder." *People v. McRunels*, 603 N.W.2d 95, 102 (Mich. Ct. App. 1999).

To convict a defendant under an aiding and abetting theory, a prosecutor must show: (1) the crime charged was committed by the defendant or some other person; (2) the defendant performed acts or gave encouragement that assisted the commission of the crime; and (3) the defendant intended the commission of the crime or knew that the principal intended to commit the crime at the time he gave aid and encouragement. *Riley v. Berghuis*, 481 F.3d 315, 322 (6th Cir. 2007) (citing *People v. Carines*, 597 N.W.2d 130, 135 (1999)). An "aider and abettor's state of mind may be inferred from all the facts and circumstances. Factors that may be considered include a close association between the defendant and the principal, the defendant's participation in the planning or execution of the crime, and evidence of flight after the crime." *Carines*, 460 Mich. at 758. "The quantum of aid or advice is immaterial as long as it had the effect of inducing the crime." *People v. Lawton*, 196 Mich. App 341, 352 (1992).

The Michigan Court of Appeals held that sufficient evidence was presented to

sustain Petitioner's convictions:

> Barginere was present and involved in nearly all of the events leading up to the shooting. Barginere was standing in front of his house when Andrews fired shots, and he drove Nelson-Johnson, Trammel, and "Q"[2] directly to Dawson's apartment. During the drive to Dawson's apartment, conversation in the vehicle involved the need to retrieve the handgun from Dawson. Barginere watched from the front seat of the vehicle as Dawson dropped the handgun down to Nelson-Johnson. Though it was not stated on the record that Barginere knew where Andrews's vehicle would be located, he drove to the Southfield Freeway service drive, where Andrews's vehicle was located. Barginere pulled the vehicle alongside Andrews's vehicle, and remained in that position until Nelson-Johnson had fired numerous shots at Andrews's group. Barginere drove the vehicle away from the scene after Nelson-Johnson finished firing several shots.
>
> Taking the evidence in the light most favorable to the prosecution, a reasonable jury could have concluded that Barginere intended to aid and abet Nelson-Johnson in attacking Andrews's group. Barginere directly participated in the offenses by driving to retrieve the gun, driving to Andrews's group, and positioning his vehicle so that Nelson-Johnson could shoot at them several times. Considering Nelson-Johnson had just retrieved the gun from Dawson, there was no other reasonable explanation for Barginere's decision to pull alongside Andrews's vehicle besides his clear desire to help Nelson-Johnson shoot at Andrews's group. Further, because Andrews had shot at Barginere and the group of men outside his house earlier in the day, Barginere had a clear motive that explains his desire to help Nelson-Johnson kill Andrews and his group. At the very least, based on the circumstances, Barginere knew that the probable and natural consequence of driving Nelson-Johnson to retrieve a handgun and then pulling alongside Andrews's vehicle was that Nelson-Johnson would shoot at Andrews's group.
>
> [2] "Q" is otherwise unnamed in the lower court file. He was present in the vehicle with Barginere on the day of the shooting.

*Barginere*, 2014 WL 5408991 at *4.

When assessing a sufficiency of the evidence claim on habeas review, the Court may not re-weigh evidence or redetermine witness credibility. *Marshall v. Lonberger*,

8

459 U.S. 422, 434 (1983). The Court presumes the correctness of the facts relied upon by the Michigan Court of Appeals; Petitioner has not rebutted that presumption. The evidence that Petitioner drove to Dawson's house knowing that Nelson-Johnson intended to retrieve a gun, that he saw Dawson toss the gun to Nelson-Johnson, that he drove up alongside Andrews' vehicle until the shots were fired and then drove away was more than sufficient to support the Michigan Court of Appeals' decision. Habeas relief is denied.

## IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

## V. Conclusion

For the reasons set forth above, the court finds that Petitioner is not entitled to habeas corpus relief. Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus and a certificate of

appealability are DENIED.

Dated: February 6, 2019

                              s/George Caram Steeh
                              GEORGE CARAM STEEH
                              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and Demarius Barginere, 877500, St. Louis Corr. Facility, 8585 N. Croswell Rd, St. Louis, MI 48880 on February 6, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk